**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 5 2001**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

THE ESTATE OF CARMEN
LETICIA HILGERT, d/b/a
INTERNATIONAL TRADE
ASSOCIATES, BY AND THROUGH
HER HUSBAND AND
COURT-APPOINTED
ADMINISTRATOR, CLIVE
BERNARD HILGERT,

      Plaintiff-Appellant,

v.

MARK TWAIN/MERCANTILE
BANK; ROBERT M. WILEY, Vice
President, Mark Twain/Mercantile
Bank; STEPHEN A. COTE, Assistant
Vice President, Mark
Twain/Mercantile Bank; SMALL
BUSINESS ADMINISTRATION,

      Defendants-Appellees.

No. 00-3171
(D.C. No. 99-CV-2031)
(D. Kan.)

ORDER AND JUDGMENT  *

Before **EBEL, KELLY,**  and **LUCERO** , Circuit Judges.

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Clive Bernard Hilgert, as administrator of his wife's estate, brought this action alleging discrimination by defendants in rejecting his wife's loan application, in violation of the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691, and alleging breach of contract. The district court granted defendants' motions for summary judgment and denied Mr. Hilgert's motion for reconsideration, which it analyzed under both Fed. R. Civ. P. 59(e) and 60(b). Mr. Hilgert appeals. We review the district court's grant of summary judgment de novo, applying the same standards as the district court under Rule 56(c). *Wolf v. Prudential Ins. Co.*, 50 F.3d 793, 796 (10th Cir. 1995). We review the court's denial of Mr. Hilgert's post-judgment motion for abuse of discretion. *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir.1997) (Rule 59(e)); *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 992 (10th Cir.1999) (Rule 60(b)).

The district court determined that the summary judgment evidence showed the following. Mr. Hilgert's wife, Carmen, applied for a loan from Mark Twain/Mercantile Bank for her start-up import-export business. Part of the loan

was to be guaranteed by the Small Business Administration (SBA).  The bank denied her loan request because the SBA had denied her application and requests for reconsideration.  The SBA did so for a variety of reasons, including absence of reasonable assurance the business would generate profit sufficient to repay the loan; disproportion between loan requested and Ms. Hilgert's investment; insufficient collateral; no confidence in financial data due to lack of detail; and unsupported and unreliable projections.

The district court held that to state a claim for discrimination under the ECOA, Mr. Hilgert first had to show that his wife qualified for the requested loan.  *See Mathiesen v. Banc One Mortgage Corp.*, 173 F.3d 1242, 1246 n.4 (10th Cir. 1999).  Because it concluded Mr. Hilgert had not made this preliminary showing, the court determined defendants were entitled to summary judgment on the ECOA claim.  It also determined that there was no evidence of discrimination. The court held that the breach of contract claim failed because it was not premised on a written contract signed by both the debtor and creditor.  *See* Kan. Stat. Ann. § 16-118(a).  Finally, the court denied Mr. Hilgert's motion for reconsideration because he had not stated any valid bases for relief under either Rule 59(e) or 60(b).

We have considered Mr. Hilgert's arguments on appeal and have reviewed the record, and we conclude he has not shown that the district court erred in its

rulings. We note in particular his contention that there is evidence that the bank rejected the loan application without consideration of whether the SBA would guarantee the loan. Even if this were true, it would not overcome Mr. Hilgert's failure to make the critical showing that his wife qualified for the loan. Thus, for substantially the same reasons stated in the district court's orders of April 19 and June 1, 2000, we affirm the district court's grant of summary judgment and denial of post-judgment relief.

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.

Entered for the Court


David M. Ebel
Circuit Judge